'ANTONE FERNANDEZ, JR., *v.* SOCIEDADE LUSITANA BENEFICENTE DE HAWAII, AN HAWAIIAN CORPORATION.

No. 1045.

ERROR TO CIRCUIT COURT, SECOND CIRCUIT.
HON. W. S. EDINGS, JUDGE.

ARGUED JULY 10, 1918.                    DECIDED AUGUST 1, 1918.

COKE, C.J., QUARLES, J., AND CIRCUIT JUDGE HEEN
IN PLACE OF KEMP, J., ABSENT.

APPEAL AND ERROR—*instructed verdict—failure of allegation and proof.*

A judgment on writ of error is affirmed where the jury were instructed to find for the defendant, an examination of the record shows that a fact material to plaintiff's recovery was not alleged or proven, and nothing in the record shows that the error was cured.

OPINION OF THE COURT BY QUARLES, J.

The plaintiff in error, hereinafter called the plaintiff, while a member of the defendant in error, a beneficial society, hereinafter called the defendant, was injured in February, 1915, in an automobile accident, the tendons of his left hand being cut so that he has not since been

able to use it having lost the power to grip or hold any-
thing with it. He was treated at the Paia hospital by
Dr. McConkey, who, while having the case under treat-
ment, called in for consultation Dr. Rothrock. In May,
1917, fourteen months after the injury, the plaintiff pre-
sented a claim to the defendant for invalid benefits under
the by-laws of the defendant, which claim was disallowed
by the defendant, after which this action was commenced
in assumpsit to recover the sum of $345 invalid benefits
claimed to be due plaintiff from the defendant. The cause
was tried to the court and jury and at the close of the case
plaintiff moved for an instructed verdict in the sum of
$287.50, which motion was denied. The defendant moved
for an instructed verdict, which motion was granted. The
plaintiff excepted to the ruling of the court in both in-
stances. The cause is before us upon writ of error.

Two errors are relied on: (1) The denial of plaintiff's
motion for an instructed verdict; (2) the granting of the
motion of the defendant for an instructed verdict in its
favor.

At the trial plaintiff testified that he made his claim
for benefits and the defendant designated two doctors—
Straub and Kilbourne—to examine the plaintiff, and that
he was examined by them in the presence of the president
of the defendant; that Dr. Straub said he could do noth-
ing for plaintiff without an operation, whereupon plain-
tiff asked him if he, Dr. Straub, would guarantee the op-
eration and the doctor said he would not; that Dr. Kil-
bourne said he could not do anything for the hand at all.
Dr. Rothrock testified that the injury might be partially
remedied by an operation but that this was doubtful.
During the trial a notice from the defendant to the plain-
tiff was introduced, reading as follows:

"July 8th, 1916.

"Mr. Antonio Fernandez, Jr.
    "Paia, Maui.
"Sir:
    "By order of the Board of Directors of the Sociedade Lusitana, you are hereby informed that in accordance with the opinion of the doctors that examined you, in Honolulu, recently, you cannot be considered an invalid.

    "Both the physicians who examined you, are of the opinion that an operation would be beneficial to you and in all probability would restore the necessary movements to the thumb.

"Yours, etc.,
                "Clerk of the Society."

The statements of plaintiff as to what Drs. Straub and Kilbourne said in the presence of defendant's president as to the injury were not contradicted by any one. The evidence clearly shows without contradiction that the plaintiff cannot use his left hand, cannot button his collar or tie his shoes and cannot follow his usual vocation of running a moving-picture machine, and that while this condition may be partially removed by a surgical operation there is no certainty as to the result of such an operation, which would be experimental. Upon receipt of said notice plaintiff wrote to the arbitration board of the defendant and was notified by it that the board stood by the decision of the directors in refusing to allow plaintiff's claim. We quote the following articles from the by-laws of the defendant:

"Article 1. There shall be an arbitration board composed of nine members appointed by the President of the Society and whose duties are to take cognizance of all complaints preferred against any member or officer as well as appeals from the decisions of the Board of Directors, deciding the justice of such complaints or appeals. It is also its duty to consider and decide all matters that

may be submitted to it by the Board of Directors or the Auditing Board. Its decisions are final in all cases."

"Article 14. Members who through old age or infirmity or a disease reputably incurable, finds himself such a state that he cannot earn his subsistence, attested by one or more doctors indicated by the directors, shall be considered invalids."

"Article 15. The invalid member shall be granted a monthly pension of $12.50 if he should be of the adult class and $6.25 if of the juvenile class."

The ground upon which the instruction for a verdict in favor of defendant was asked and granted is that defendant having provided for an arbitration board whose decision on appeal should be final plaintiff is precluded from resorting to a court of law for redress. Whenever a question of property is at stake, as is the case here, it is generally held, although there is authority to the contrary, that the decision of an arbitration board created by a beneficial society with power to finally determine controversies is not final and the party complaining may sue in a court of law. A study of the decisions shows that this rule is usually applied where by fraud or wrong a member of such a society is deprived of a property right by the society. The defendant here cannot arbitrarily refuse to pay a claim where the facts and the reports of its designated doctors show claimant entitled thereto, as such refusal would be a fraud upon the claimant and one which cannot be sanctioned. The inference is a reasonable one from the evidence that Drs. Straub and Kilbourne reported that plaintiff had lost the use of his left hand —that it was invalid—and that such loss might be restored by an operation. During the trial plaintiff called upon the defendant to produce the reports of these doctors and the defendant refused to do so without showing any inability on its part to do so. While the ground upon

which the jury were instructed to find for the defendant, presented by the defendant and evidently considered by the court, was erroneous, the instruction and verdict in favor of defendant were correct upon another view. Under the by-laws of the society a member who through old age or infirmity or a disease reputably incurable cannot earn his subsistence is entitled to the monthly benefit. It was necessary for plaintiff to allege in his complaint that by reason of infirmity or disease he is in such a state that he cannot earn his subsistence and that this fact had been attested by one or more doctors indicated by the directors of the defendant in order for his complaint to state a cause of action. There is no such allegation in the complaint, and while the absence of this allegation might have been cured by defendant's offering proof upon that fact yet the record shows that the defendant did offer to prove by cross-examination of plaintiff that plaintiff was earning his subsistence, the plaintiff objected to such evidence and the court sustained the objection. There was therefore absence of allegation and proof of a fact material to plaintiff's recovery.

The judgment is affirmed.

*E. Murphy* for plaintiff in error.

*H. Edmondson* (*E. C. Peters* on the brief) for defendant in error.